[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-12512

Non-Argument Calendar

_____

BELCALIS MARLENIS ALMANZAR,

                Plaintiff-Counter Defendant-Appellee,

versus

LATASHA TRANSRINA KEBE,
a.k.a. Latasha Transrina Howard,

                Defendant-Counter Claimant-Appellant,

STARMARIE EBONY JONES,

                Defendant,

KEBE STUDIOS LLC,

                                                    Defendant-Appellant.

────────────────

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01301-WMR

────────────────

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

There are two issues here. One is whether the jury had sufficient evidence to hold appellants—Latasha Kebe and others—liable for defamation (and other privacy torts) against appellee Belcalis Almanzar (better known as 'Cardi B'). The other is whether the district court erred by excluding evidence. We hold that Kebe hasn't preserved either issue for appeal.

## A

"[A] party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006). A party can make that kind of post-verdict motion under either Rule 50(b) or Rule 59 of the Federal Rules of

22-12512               Opinion of the Court                    3

Civil Procedure. *See id.* at 396 (noting that the respondent filed neither a Rule 50(b) nor a Rule 59 motion). Rule 50(b) "sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment." *Id.* at 400. Rule 59 allows district judges to order new trials "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(1)(A). When a party fails to invoke these rules in the district court, we "ha[ve] no authority to consider [an] appeal from the jury verdict." *Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1302 (11th Cir. 2006).

Defendant Latasha Kebe asks for a new trial, saying that there was insufficient evidence for the jury verdict against her. But as she all but admits, she didn't make either of the required post-verdict motions in the district court. As a result, we have no authority to consider her insufficiency-of-the-evidence argument on appeal.

Kebe's response is unavailing. She seems to assert that she can seek a new trial on appeal not because she did so below, but rather because she *didn't*. She seeks to distinguish her case from *Unitherm* on the ground that, unlike the losing party there, she didn't even make a *pre*-verdict insufficiency-of-the-evidence motion, let alone a post-verdict one. So while she apparently (and correctly) accepts that making one *pre*-verdict insufficiency-of-the-evidence motion isn't enough to preserve the right to challenge the

sufficiency of the evidence on appeal, she seems to think that one *can* preserve that right by making no insufficiency motions at all.

That is incorrect. Under *Unitherm*, a party "forfeit[s] its right to [seek a new trial] on appeal" if it "never sought a new trial before the District Court." 546 U.S. at 404. The only way to seek a new trial before the district court is through a post-verdict motion; a pre-verdict motion won't do. *Id.* (explaining that a party can't seek a new trial through a pre-verdict motion). So Kebe gains nothing by pointing out that she never made a pre-verdict insufficiency-of-the-evidence motion. All that matters is that she "never sought a new trial before the District Court" through a post-verdict motion and has "thus forfeited [her] right to do so on appeal." *Id.*

## B

Kebe also failed to preserve her evidentiary arguments. "[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief." *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen,* 815 F.2d 1435, 1446 n.16 (11th Cir.1987). An appellant fails to preserve an issue when, in her opening appellate brief, she "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "An appellant's brief must include an argument containing 'appellant's contentions and the reasons for them, with citations to the authorities and *parts of the record on which the appellant relies.*'" *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quoting Fed. R. App. P. 28(a)(9)(A)) (emphasis added). "If an argument is

not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

Kebe didn't adequately brief her challenges to the district court's evidentiary rulings. Specifically, she never tells us where in the 5500-page record the district court's alleged errors can be found. That lapse violates the rule that appellants must identify the "parts of the record on which [they] rel[y]." *Singh*, 561 F.3d at 1278 (quoting Fed. R. App. P. 28(a)(9)(A)). Because Kebe's brief falls well short of what we require, she has abandoned this argument.

**AFFIRMED.**